All right. Good morning, Mr. Marshall. Please call the next case on the court's docket. Yes, sir. Your Honor, this case on the docket, 2-117-0769, Nicole Jamie McClanahan, petitioner-appellee, a Jeffrey Ellen McClanahan, respondent-appellant. Arguing on behalf of the respondent-appellant, Mr. Michael J. Sciarro. Arguing on behalf of the petitioner-appellee, Ms. Jamie L. Mossman. Thank you, Reverend Mr. Sciarro. On behalf of the defendant-appellant, you may proceed. Thank you, Your Honor. May I please see the court? I file the brief on behalf of Mr. McClanahan, seeking relief from this court to reverse a plenary order of protection entered by the Honorable William Brady on June 23, 2017. My burden is to try to prove to this court that Judge Brady's ruling was against the manifest weight of the evidence. Which is defined as an opposite conclusion is clearly apparent, correct? That is one of the definitions, Your Honor. There is a second. The second definition in the rule is or, as opposed to and. The second basis upon which this court can reverse a trial court, manifest weight of the evidence. Would that be it? That is correct, Your Honor. Thank you. Judge Brady heard evidence from the petitioner regarding incidents in 2010, 2011, 2013, and two incidents in 2017. Judge Brady heard evidence as to the old allegations from 2010, 2011, 2013. He indicated that he would hear that evidence and it's relevant, but not necessarily probative of his decision. The petitioner testified as to some name calling that occurred, and then she testified as to some communications on TalkingParents.com. The Talking Parents Exchange was never admitted into evidence, but the petitioner testified as to his contents. Judge Brady entered the plenary order of protection based on a finding of harassment, and he based his harassment on the Talking Parents Exchange. In the Talking Parents Exchange, my client did not deny that he referred to his ex-wife as crazy, and that he referred to his ex-wife as a narcissist. He's a crazy, a liar, and a narcissist that needed health and medication. That is correct, Your Honor. So if harassment is conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, that's the statutory definition, as you know, of harassment, what would be the purpose of those statements? How are they necessary to accomplish a reasonable purpose? If the purpose of the forum, as I understand it, is to discuss issues involving children in a constructive manner, how would calling somebody a liar, crazy, a narcissist in need of medication, how would that be reasonable under the circumstances? I am not arguing that is the basis of the error. The basis of the error is the remainder of the definition of harassment. Judge Brady focused, in my opinion, his entire ruling on whether or not my client's conduct was reasonable under the circumstances. He did not, in my opinion, weigh the evidence at all regarding whether or not a reasonable person would have suffered emotional distress based on the alleged conduct, and I believe he failed to ignore the evidence as to whether this particular petitioner was emotionally distressed by my client's conduct. In fact, Judge Brady created a per se rule that if you engage in communications under TalkingParents.com that is unrelated to the children, automatically, in Judge Brady's opinion, that would automatically cause a reasonable person emotional distress and it would automatically cause the other parent emotional distress. We can affirm on any basis in the record. Now, if somebody, is this a public forum? Is TalkingParents a public forum? Yeah, we can, people... Some people can have access to TalkingParents.com. Okay, so you think that if somebody got on there and called you all these things and said you were in need of help with medication, that wouldn't cause you any distress? I believe that what Judge Brady failed to do was he automatically found that any evidence before him as to whether or not this particular petitioner was emotionally distressed. Twice she was asked under oath in front of Judge Brady as to whether or not the Talking Parents exchange was the reason she came into court, and in both instances she declined to admit that and she said it was based on past conduct. Let me ask you this, did she file her petition on the same day that the respondent uttered the comments on Talking Parents? Did that happen? There was some dispute under the record as to whether or not the same day, but I believe that that is correct, yes. Would there not be some evidence of emotional distress? I do not believe that there is some evidence of emotional distress, especially based on her own testimony, which in two instances, and I can cite specifically to the record, she refused to say that and said it was based on past abuse. The evidence before Judge Brady was this particular petitioner was coming in for another reason. So even if my client's conduct was unreasonable under the circumstances, and even if a reasonable person would suffer emotional distress by my client, the evidence in the record does not support a finding that this particular petitioner was suffering emotional distress based on my client's conduct. All Judge Brady heard about this particular petitioner was that there was a prior divorce, she was a police officer, and she was coming into court based on past events of abuse, not the specific allegation of TalkingParents.com. And under the statute, there must be a finding that this particular petitioner suffered emotional distress regardless of a reasonable person would and regardless of whether or not my client's conduct was necessary to accomplish a purpose that's reasonable under the circumstances. And because Judge Brady, based on the first prong of the definition of harassment, found that this behavior was not necessary to accomplish a purpose that's reasonable under the circumstances, he did not. He just automatically and he stated that he, at that point, was just making a finding that a reasonable person would be distressed and so would this petitioner without actually weighing the evidence before him. And, in fact, he made several comments on June 23, 2017, and he also commented on the motion for reconsideration that he reads this statute differently than other judges do. Let me ask you a legal question. If the judge's reasoning in arriving at a decision is clearly wrong, assuming for the sake of hypothetical case, the judge makes the decision his reasoning to reach the results he makes is totally wrong, let's say that's correct, can we still affirm the decision of the trial court even though his reasoning is completely erroneous? You do have the ability to affirm any decision based on the evidence in the record, and based on this record, you would not be able to do so. How about the petition that she filed? The petition that she filed, she did not put in evidence in support of all the allegations contained in her petition, and she has, therefore, waived that argument. The trial court was not able to base its ruling on the pleadings. It must base its ruling on the evidence presented before the court. Judge Brady indicated his bias. He indicated his subjectivity as opposed to his objectivity. His actual words that he used, he indicated that he reads the statute more liberally than other judges read it. He decided that because the form of talking parents was not appropriate for my client to defend himself, he then, therefore, indicated that he is going to make this per se rule. He indicated that his reaction was more sensitive than other judges. He indicated he reads the Illinois Domestic Violence Act more liberally than other judges. He indicated that part of his background that he brings before the bench is his background as a prosecutor. So assuming all of that is true, does that necessarily mean his decision is wrong? His decision is wrong because he ignored the evidence before him. That's what you've got to focus in on, correct, the evidence. The fact that he has a tendency to read a statute in a certain way does not, in and of itself, make his decision legally wrong. That is correct, Judge. And where he erred was he ignored the evidence regarding what caused the petitioner to come into court. She was given that opportunity twice. Mr. Chair, let me ask you this. Forget the fact that it was on this specific website and just kind of remove that. If you had a situation where your client had texted his ex and made these same statements, you're a complete nut, you're crazy, you make up lies, you're a narcissist, you need medication, all this stuff. If he had just texted her that, would that be sufficient? What you would need to know before I can answer that question, Your Honor, is, one, it would be a judgment called to the trial court as to whether or not a reasonable person would suffer emotional distress from that. But you cannot make the decision as the trial court unless you know whether or not this particular petitioner has suffered emotional distress as a result of my client's comments. So based on your hypothetical, I can't give you a complete answer because that is lacking information. If you consider the previous circumstances and the previous conduct of your client, could that be sufficient? This is more of a fault I have with the statute itself, Your Honor. An order of protection must enter if abuse has occurred or abuse is likely to occur. And this petitioner did mention alleged instances from 2010, 2011, 2013. Judge Brady weighed and said, well, they're relevant, I don't know how much weight I will give to them. Your question, in my mind, Judge, goes to the statute. I think it would be absurd to say my client's past conduct 20 years ago would justify entry of an order of protection in 2018 because it says in the statute, if abuse has occurred, the order shall enter. But to read it to say that at any point in time my client engaged in behavior that constitutes harassment or any type of abuse under the Illinois Domestic Violence Act, even if 5, 10, 20 years ago, you have to automatically enter the order of protection as the statute reads, I think that would be an absurd way to read the statute. So while past behavior does matter and while Judge Brady did consider past behavior because he indicated it was relevant, one of the things that he correctly found, in my opinion, is that there was not enough connection to this particular case to have my client's past behavior weigh in as to whether or not abuse has occurred present. So are you saying in his finding that on the one hand he said, I will consider that evidence because it's relevant, but that it did not constitute the basis for his ruling? That is correct. That is what he said. So while there was some evidence of past abuse, the court itself simply limited its finding to the talking parents. Now, there was allegations that my client swore and cursed at his ex-wife in front of the children. My client denied it. So there was conflicting evidence, and Judge Brady decided to base his ruling on the talking parents rather than the curse words that were exchanged in front of the children at the baseball game. Now, regarding that, I think— Did he make a finding as to credibility on that? He did not. He ignored it in his ruling altogether. And, again, the linchpin of my argument is that the court must, under the statute, consider the impact upon this particular petitioner regardless of a reasonable person and regardless of the circumstances. And twice she testified that she was seeking the order of protection based on past conduct, not because of this particular exchange on talking parents. And because the record is devoid of any evidence that this particular petitioner was emotionally distressed, that's why I believe that the ruling was not based on the evidence itself. You rely on the Mary J. Keeley case. In the Mary J. Keeley case, they discussed throughout that the conduct would have caused a reasonable person to suffer emotional distress. Why do you continue to say it had to be whether it caused her emotional distress? The statutory definition, Your Honor, is knowing conduct by my client that's not necessary to accomplish a purpose that's reasonable under the circumstances, doesn't cause a reasonable person emotional distress, and causes the petitioner emotional distress. So regardless of whether or not I agree with Judge Brady that using talking parents for a reason other than communicating about the children, he found that that would cause a reasonable person emotional distress. I don't have any case law that says that he's wrong. But where he clearly erred was by ignoring the evidence he did have about this particular petitioner, and that is why he erred and why his decision was against the manifest way to the evidence, which was the two statements by the petitioner that she was not coming into court because of the talking parents exchange. Counsel, let me ask you this on whether or not the respondent's words caused the petitioner any emotional distress. Did the petitioner ever testify that only since she had sought the order of protection had she been able to, quote, unquote, breathe and relax? Did she ever testify to that at any time? She did testify to that, Your Honor. That is correct. And so the fact that once she got the order of protection, she was finally able to breathe and relax, that would not constitute evidence of emotional distress on her part? I don't believe that that is sufficient evidence, no. I believe that that is conclusory and it is self-serving. And I also think that... Certainly circumstantial evidence, right? It is circumstantial evidence, Your Honor. That is correct. But Judge Brady indicated in his ruling, from my reading of his ruling, that it was a per se finding of harassment based on the circumstances of the communication, and I don't believe he weighed the harm on the petitioner at all. But the evidence regarding the petitioner's mental state, I believe, weighing the evidence would indicate that this was not the reason that she came into court. Should we have to presume that the judge made the correct ruling, made the correct reasoning into his ruling, unless you could show us otherwise? Based on his comments, no, I don't believe that he did. He indicated on multiple occasions that he was basing it on my client's behavior was foreign to the purposes of talking parents. And he believed, I believe, he created a per se rule that any time you engage in talking parents and you say something unrelated to the children, that it automatically satisfies all three prongs of the statute. So I believe that Judge Brady has proved that based on his perspective and his liberal reading of the statute and the reason he enters talking parents' orders would make this inappropriate, but the record's clear that he's not the one who entered the talking parents' order. He didn't receive any evidence as to the nature of the relationship between these two parties. All he knew was that there was an outstanding divorce case where the petitioner was prohibited from calling the police. He knows nothing about the history of the parties. I'm not saying he – it was appropriate for him to make the ruling. I'm not arguing he should not have made it. But he did not have the knowledge of these parties that the Cook County Court may have had. In fact, he knew very little based on the evidence about the impact upon this particular petitioner. And that's what I believe he erred. Thank you. Thank you. All right. Thank you very much, Mr. Sherry. You'll have time to address the Court again in a moment. Thank you. All right. Ms. Mosser, on behalf of the appellate. Thank you, Judge. Honorable Justices, the matter before the Court is whether Judge Breed aired granting the order of protection in that he made a finding of abuse that Jeffrey McClanahan's words were harassing under the Illinois Domestic Violence Act. We agree with Mr. Chiaro that there was no purpose for the statements that were made by Jeffrey McClanahan but to cause emotional distress to Nicole in this case. Is that his position? Did he actually say that? I thought I was saying that. No, I believe what he was saying is that he wasn't there to argue that there was another purpose, but rather his argument was that the other two crimes of the harassment statute were not met based on the evidence. I think that's a fair proposition. Why don't we hone in on what his argument was. He seemed to be suggesting by his argument that Judge Brady made a categorical per se finding. It's peculiar to his view of the evidence that any time somebody makes these comments on this public forum, it automatically is going to establish the elements of emotional distress, whether or not there was evidence showing that it had that effect on this particular petitioner. So let's say a few in response to that argument. I do not believe that he made a per se ruling. I think that Judge Brady looked at all of the evidence that he had before him, the prior acts as well as the messages on Talking Parents, took all of that as a totality of the circumstances and issued his ruling. Judge Brady in his ruling specifically talks about what the purpose of this Talking Parents program is and also heard the testimony from Nicole McClanahan that this was a court mandated program as a part of their divorce. They were ordered to talk about their children on this program. What the judge looked at specifically is what was supposed to go on the program and, in fact, gave examples in his ruling that they should be talking about their son's uniform, their son's game, parenting time. But instead of doing that, or even within the context of doing that, these statements came out that she's crazy, that she's a narcissist, nothing that's necessary to accomplish that purpose. Admittedly, that would be true. I think the counsel would have to at least tacitly concede that that wasn't really called for and wasn't what the forum was designed to. I think we can all agree here that you don't go on the forum to say someone is crazy, a liar, and a narcissist. It really isn't the purpose of the forum. I don't think anybody could dispute that. His point, perhaps, is more subtle in a legal sense. Let's assume that the respondent went off on a tangent and said these things unnecessarily. Does that in and of itself establish the emotional distress component that must be established under the law? In every case, I cannot say that happens. In this case, yes. How do we know that happened? That's the crux of his argument. What evidence is there that in this case the petitioner suffered emotional distress? Nicole testified that she felt that the emotional abuse had been ongoing and continuous. She did this not only in the context of discussing the past abuse, but also specifically when questioned about the talking parent statements. She read these statements aloud, and as you had mentioned earlier, she did say when the judge was asking why this should be granted, she said she could breathe again. All of that shows that she felt distress. In addition to that, she put it in her petition for order of protection, seeking the relief from the court to prevent Jeffrey McClanahan from continuously abusing her, not only in person, but through this program. It's our belief that Judge Brady did not make a per se ruling because what he did is he looked at the context of the statements, and he looked at the medium of how they were made. And when making his ruling about a reasonable person feeling emotional distress, he talked about the purpose of that talking parent program, and he talked about what it should be used for, and that a person witnessing this or having to read through this in the context of a court order, of being ordered to look about their children, they would feel emotional distress as a result of reading it. Does the purpose of that platform, though, TalkingParents.com, does that really matter? I mean, what if the judge said, hey, you guys can't talk in person. I have been through this a few times where you say, hey, you can't talk in person. I want everything to be in writing. I want you to text each other or I want you to just e-mail each other just so that there's a record and just so we can review it later. I mean, who cares whether it's Talking Points or Facebook or Snapchat or whatever, as long as there's a record of it. I do not think that the form itself matters. I think the form lends more credibility to the judge's ruling that this was improper communication and that it would cause a reasonable person distress. You seem to know a lot about social media. No, he doesn't know a lot because Snapchat goes away. Oh, you're right. You know a lot about it. And all of that's true. Forgive me, especially you millennials. Forgive me. But doesn't it sound, and I think what counsel is trying to get to is it seems to me that the trial judge might have been trying to send a message to the divorce bar out there and to their clients that don't mess with this website. This is used for a particular thing. The court uses it, and this is used to monitor behavior, and any slight violation is going to cause me to find a violation of an order of protection or to find enough for an order of protection. Do you feel that the judge was sending that message? I do not. What I believe the judge was trying to cure is the fact that this respondent was put on a court-ordered program to talk about the children and chose to use that program to cause emotional distress to his ex-wife. I think what the court did in finding abuse and ultimately issuing the order of protection was to give her the protection that that original court order should have done. Had he followed that court order, had he only spoken about the children, had he done so not in a harassing manner as defined by the IDBA, he wouldn't be here today. So maybe he violated the court order. Yes. But did he violate or did he have enough for an order of protection? Yes, he did. Counsel, your opponent relies on Wilson v. Jackson, and Wilson basically says that the act wasn't intended to exaggerate every petty argument into a basis for an order of protection. Correct. How do you distinguish that case from what we have here? Well, in that particular case, there was an argument between the two individuals over money that rose to yelling and telling the respondent in that case to get out of the apartment. There was one of the small subsections of that ruling that eventually went further, that the abuse, as alleged by the petitioner in that case, did not rise at all to the level of abuse as defined under the IDBA, and that the intent behind that petitioner in obtaining that order of protection was actually to circumvent the Illinois Marriage and Dissolution Act and obtain custody of the child. That is distinguishable by what we have here. This is a post-decree case. This is a court order that's being violated, but it's not only being violated in that sense, it's being violated for harassment under the Illinois Domestic Violence Act. That was an argument where they started to yell and she told them to get out of the house. That's where the court said it's a petty argument. If you look at what we have here, they're supposed to be talking about the children, and instead of talking about the children, he's making accusatory mental health statements to Nicole, his ex-wife, in this case. So you're saying this didn't occur in the context of a back-and-forth petty argument. This is a gratuitous diatribe against his ex-wife. Yes. I believe that the case that this court should look at to show and to follow is the People v. Reynolds case that we followed. In the People v. Reynolds case, there was a criminal prosecution for violation of an order of protection. There was an outstanding order of protection that the defendant in that case had violated. As a part of the plea agreement, it went from a criminal case to a contempt of court case that he pled guilty to and was set to serve two days in jail. The defendant in that case then sent a card to his child, a birthday card to his child, and put a note on there saying all the charges had been dismissed and that all the lies that she and her new husband had told were false and not believed. That is analogous to the case that we have where they found that that was harassment because they not only looked at the purpose, there was no purpose behind doing that because it was factually not true, that a reasonable person would feel emotional distress because the medium of which it was done so was through a child's birthday card. And I think when you look at the totality of the circumstances, you look at the purpose behind it and the medium, whether it be a child's birthday card or a talking parents program where they're supposed to talk about children, that can and does cause emotional distress in a reasonable person. So it's one more factor that the court could consider. Yes. And weigh it. Yes. I think that you have to look at all of it, and I don't believe that Judge Brady in any way made a per se rule. I think Judge Brady correctly utilized the facts when coming to a proper ruling in regards to issuing the order of protection, keeping in mind that Judge Brady took the other evidence as relevant information. What other evidence? The evidence that she testified to about the prior abuse and the prior... Did he take that into consideration in making his ruling? In his final ruling, no, but he said that he would listen to it and that he would give it the relevance that it was due. He ultimately hung his hat on these talking parents' messages, and I think that's illustrative, especially in how he issued the order of protection. The request for the order of protection was for a full no contact, stay 500 feet away. What he ultimately issued by weighing all of the facts in this case was a no harassing or abusive contact order of protection to prevent the very abuse that was happening through that talking parents program. It's our belief that the court did properly apply the Illinois Domestic Violence Act, that the court properly found that it was harassing behavior under that statute because there was no reasonable purpose. A reasonable person would feel emotionally distressed, and Nicole testified that this was continuous, that it was ongoing, that it was emotional abuse, and gave very specific examples from the talking parents program. Thank you. All right, thank you very much. Thank you. Mr. Scherer, you may address the court in rebuttal. I believe that I have adequately explained my position to the court,  and I stand up my prior arguments if the court has any questions of me. Let me just ask you one question that goes to the fact that this was on talking parents as opposed to some other form of social media or whatever. Would you agree that that is one factor that the judge can consider, just the very platform that it took place on? The court must consider the platform of the forum based on the first prong of the statute, which is the reasonableness of my client's behavior under the circumstances. Now, I also believe that particular circumstances could also be relevant as to whether or not the actual petitioner suffered emotional distress, so I believe context matters in that as well. That's why I believe that the record before Judge Brady does not include all of the history between the parties. In fact, the record is devoid of any evidence as to why the talking parents order was entered in the first place. So if you want to look at the overall history between these parties in the context of their communications with one another, the record is absolutely devoid of their history. Judge Brady, with what he had before him, was to petition his comments that she was doing this based on the past, and the past was not raised to Judge Brady other than the allegations that were made and not ignored by him, but he did not rely on them in entering his ruling. In the order of protection. In the order of protection, correct. And Judge Brady was not the judge. He entered the talking parents. It was the judge in Cook County, and I believe what happened here was Judge Brady was talking about the reasons why he would enter a talking parents order, and when he enters a talking parents order, he has certain expectations about the behavior of the parties. And according to Judge Brady, when he does it, he has certain expectations that the order will be followed, but where I think he did not follow the evidence was whether or not this particular petitioner actually suffered emotional distress. The court can then contemplate, well, then why did she bring it if it was not because she was emotionally distressed, and we can all guess because the record doesn't indicate that. What she said was she was doing this based on the past, not because of his present behavior, and that's where I think the record would support a finding by this court, regardless of what Judge Brady himself considered. I don't think that this record allows for the finding of the harassment based on the evidence itself, and I realize that this court can affirm a decision of the trial court based on any evidence actually in the record. I believe the record itself is what would disallow the entry of the order of protection. The order of protection not a part of the record. The order of protection itself is part of the record. That is correct, but when ruling on a petition, the court has to consider the evidence, not simply the pleadings that are alleged. For what reasons the petitioner did not put in all the evidence she alleged, that was a tactical decision on her part, but it has to be on the evidence, not simply the allegations. All right, thank you very much. Thank you for your time, Justice. I'd like to thank both counsel for the quality of their arguments here this morning. The matter will, of course, be taken under advisement, and a written decision will issue in due course. We will stand in adjournment to prepare for the next case. Thank you.